United States District Court
Southern District of Texas
**ENTERED**
February 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, § § § | |
| Plaintiff, § | CIVIL ACTION NO. H-13-3642 |
| v. § § | |
| IROCK CONCRETE, LLC, et al., § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

On March 18, 2014, the court entered a default judgment against Irock Concrete, LLC, Daniel Battaglia, and Charles F. Martin in the amount of $1,796,765.11. (Docket Entry No. 18). Guaranty Solutions Recovery Fund 1, LLC now moves to revive the judgment under state law, in accordance with Rules 69(a) and 81(b) of the Federal Rules of Civil Procedure.

Rule 69(a) sets out the practice and procedure to be applied in executing a judgment:

> The procedure on execution, in proceedings on and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Fed. R. Civ. P. 69(a); *see F.D.I.C. v. Shaid*, 142 F.3d 260, 261–62 (5th Cir. 1998) (applying state law in its analysis of an action to revive a judgment). According to state law, "[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." Tex. Civ. Prac. & Rem. Code Ann. § 34.001. "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." *Id.* § 31.006. Scire facias refers to "[a] writ requiring the person against whom it is issued to appear and show cause . . . why a dormant judgment against that

person should not be revived." Black's Law Dictionary (8th ed. 2004). Under Texas law, "[t]he scire facias and returns thereon ... shall conform to the requisites of citations and the returns thereon, under the provisions of these rules." Tex. R. Civ. P. 154.

Rule 81(b) provides that "writs of scire facias and mandamus are abolished. Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules." Fed. R. Civ. P. 81(b).

This court entered the judgment that the Guaranty Solutions seeks to revive on March 18, 2014. The judgment became dormant ten years later, on March 18, 2024. *See* Tex. Civ. Prac. & Rem. Code § 34.001. Guaranty Solutions could seek to revive the judgment no later than March 18, 2026. *See id.* § 31.006. "The motion to revive the judgment is timely because it was filed after the judgment became dormant and before the expiration of two additional years." *F.D.I.C. v. Davis*, No. CV H-92-3759, 2006 WL 8445383, at *1 (S.D. Tex. July 28, 2006).

State law allows scire facias to be initiated by a motion to revive judgment. *See F.D.I.C. v. Bauman*, No. 90-614, 2004 WL 1732933, at *1 (N.D. Tex. July 30, 2004); *Vackar v. Memorial Bank*, No. 01-1033, 2002 WL 1303424, at *1, 3 (Tex. App.—Houston [1 Dist.] June 13, 2002, no pet.) (affirming an order granting scire facias on a motion to revive judgment); *Thomas v. Poonen*, No. 00-1233, 2001 WL 755638, at *2 (Tex. App.—Dallas July 6, 2001, no pet.) (referring to a "motion to revive judgment scire facias"). This court retains personal jurisdiction and venue over the defendant during this scire facias action. *See Berly v. Sias*, 255 S.W.2d 505, 508 (Tex. 1953) ("[A] motion for scire facias is not an independent suit but is a continuation of the original suit. As a continuation of the original suit it is supported by the jurisdiction of the person obtained in the original case.").

"There is, however, one problem with this court's ability to rule on the merits of the motion to revive judgment. The [Guaranty Solutions] has not shown that it served" the defendants "with

2

a summons and a copy of the motion." *Davis*, 2006 WL 8445383, at *2.  Rule 154 of the Texas Rules of Civil Procedure specifically provides that "scire facias and returns thereon . . . shall conform to the requisites of citations and returns thereon, under the provisions of these rules." Tex. R. Civ. P. 154; *see also* Tex. R. Civ. P. 99 ("Issuance and Form of Citation"), 106 ("Method of Service"), 107 ("Return of Service").  In federal district court, a summons is the functional equivalent of a citation.  "Under the applicable state law, the [Guaranty Solutions] must serve [the defendants] with a summons, a copy of the motion to revive judgment, and a copy of this Memorandum Opinion and Order and demonstrate such service through a return of service." *Davis*, 2006 WL 8445383, at *2 (citing *Bauman*, 2004 WL 1732933, at *2).  Summons in this case have issued as to Irock Concrete, LLC and Charles F. Martin.  (Docket Entry Nos. 23, 24, 25). Guaranty Solutions has not offered proof that it has served the summons or its motion on the defendants.

The motion to revive judgment is stayed for 60 days to permit Guaranty Solutions to serve the defendants with summons, a copy of the motion to revive judgment, and a copy of this Memorandum Opinion and Order and to demonstrate such service through a return of service.  The defendants will have 20 days from the date service is effected to answer or otherwise respond to the motion.

SIGNED on February 21, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge